UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael Maloney,
    Claimant

      v.                             Civil No. 05-cv-122-SM
                                      Opinion No. 2006 DNH 054
Jo Anne B. Barnhart, Commissioner,
Social Security Administration,
    Defendant

## O R D E R

Pursuant to 42 U.S.C. § 405(g), claimant, Michael Maloney, moves to reverse the Commissioner's decision denying his application for disabled adult child benefits under Title II of the Social Security Act, 42 U.S.C. § 402(d) (the "Act"). He says the Administrative Law Judge ("ALJ") erred in concluding that he had engaged in substantial gainful activity after attaining the age of 22. Defendant objects and moves for an order affirming the decision of the Commissioner. For the reasons set forth below, the matter is remanded to the ALJ for further proceedings.

**Factual Background**

I.   Procedural History.

On September 3, 2002, claimant applied for disabled adult child benefits, pursuant to Title II of the Act.  His claim was denied initially and on reconsideration.  He then requested an administrative hearing before an ALJ.

On April 22, 2003, claimant, his attorney, and his mother appeared and gave testimony before the ALJ, who considered claimant's application de novo (according to the ALJ's decision, an impartial vocational expert was also present at the hearing, but appears not to have testified).  On September 23, 2003, the ALJ issued her order, concluding that, because claimant had engaged in substantial gainful activity after attaining the age of 22, he did not qualify for disabled adult child benefits. Subsequently, the Appeals Council denied claimant's request for review, thereby rendering the ALJ's decision a final decision of the Commissioner, subject to judicial review.  On April 6, 2005, claimant filed a timely action in this court, asserting that the ALJ's decision was not supported by substantial evidence in the record and seeking an order of this court either awarding him the

benefits he seeks or, in the alternative, remanding the matter to the ALJ for further proceedings.  Claimant then filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 9).  The Commissioner objected and filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 12). Those motions are pending.

II.   Stipulated Facts.

Pursuant to this court's Local Rule 9.1(d), the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 13), need not be recounted in this opinion.  Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I.   Properly Supported Findings by the ALJ are
     Entitled to Deference.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Factual findings of the Commissioner are

3

conclusive if supported by substantial evidence.  <u>See</u> 42 U.S.C. §§ 405(g); <u>Irlanda Ortiz v. Secretary of Health & Human Services</u>, 955 F.2d 765, 769 (1st Cir. 1991).[1]  Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the adverse position.  <u>See</u> <u>Tsarelka v. Secretary of Health & Human Services</u>, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").  <u>See also</u> <u>Rodriguez v. Secretary of Health & Human Services</u>, 647 F.2d 218, 222–23 (1st Cir. 1981).

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence.  <u>See</u> <u>Burgos Lopez v. Secretary of Health & Human Services</u>, 747 F.2d 37, 40 (1st Cir. 1984) (citing <u>Sitar v. Schweiker</u>, 671 F.2d 19, 22 (1st Cir. 1982)).  It

---

[1]   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938).  It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.  <u>Consolo v. Federal Maritime Comm'n.</u>, 383 U.S. 607, 620 (1966).

is "the responsibility of the [Commissioner] to determine issues
of credibility and to draw inferences from the record evidence.
Indeed, the resolution of conflicts in the evidence is for the
[Commissioner] not the courts."  Irlanda Ortiz, 955 F.2d at 769
(citation omitted).  Accordingly, the court will give deference
to the ALJ's credibility determinations, particularly where those
determinations are supported by specific findings.  See
Frustaglia v. Secretary of Health & Human Services, 829 F.2d 192,
195 (1st Cir. 1987) (citing Da Rosa v. Secretary of Health &
Human Services, 803 F.2d 24, 26 (1st Cir. 1986)).


II.  The Parties' Respective Burdens.

     An individual is disabled under the Act if he or she is
unable "to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment which
can be expected to result in death or has lasted or can be
expected to last for a continuous period of not less than 12
months."  42 U.S.C. § 423(d)(1)(A).  And, to be eligible for
disabled adult child benefits in this case, claimant must also
demonstrate that he "is under a disability (as defined in section
423(d) of this title) which began before he attained the age of

22."  42 U.S.C. § 402((d)(1)(B).  In other words, claimant must demonstrate that he has suffered from a continuous, uninterrupted inability to engage in substantial gainful activity, as that phrase is defined in the pertinent regulations, from before age 22 through the date on which he applied for benefits.  See Suarez v. Secretary of Health & Human Services, 755 F.2d 1, 3-4 (1st Cir. 1985).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm her decision.

## Discussion

I.  Legal Framework.

As noted above, claimant bears the burden of demonstrating that he has suffered from a continuous, uninterrupted inability to engage in substantial gainful activity from before age 22 through the date on which he applied for benefits.  See 42 U.S.C. § 402(d).  See also Suarez, 755 F.2d at 3-4.  The pertinent administrative regulations provide that a claimant is presumed to have engaged in substantial gainful activity if, for the calendar

years between 1980 and 1989, he earned more than $300 per month.
20 C.F.R. § 1574(b)(2).  If, on the other hand, a claimant earned
less than $190 per month during that period, it is presumed that
he or she did not engage in substantial gainful activity.  And,
finally, if, during that same period, a claimant had average
monthly earnings between $190 and $300, no presumption arises and
the Commissioner must consider "other information in addition to
[the claimant's] earnings" to determine whether he or she was
disabled.  20 C.F.R. § 404.1474(b)(6)(i).

     It is important to keep in mind the fact that if a claimant
earned more than the specified minimum amount in a given year (or
years) a presumption arises that he has engaged in substantial
gainful activity, but it is a rebuttable presumption.

     The income guidelines of 20 C.F.R. § 404.1574(b)(2) do
     not automatically disqualify a disability claim.  The
     regulation provides that earnings from work activities
     that exceed the guidelines "will ordinarily show that
     [the claimant has] engaged in substantial gainful
     activity."  Id. (emphasis added). . . . This
     presumption of substantial gainful activity is not to
     be rigidly applied, and it may be rebutted.  Thus, it
     would be inappropriate to base a finding of "no
     disability" solely on the fact that the claimant's
     earnings exceeded $300 per month.

7

<u>Payne v. Secretary of Health & Human Services</u>, 946 F.2d 1081,
1083 (4th Cir. 1991) (citations omitted).  <u>See also</u> <u>Thompson v.</u>
<u>Secretary of Health & Human Services</u>, 928 F.2d 276, 277 (8th Cir.
1991).  As this court (Loughlin, J.) has noted:

> [W]hen income establishes a presumption that one is
> engaged in substantial gainful activity, the
> presumption does not relieve an ALJ of the duty to
> develop the record fully and fairly.  In developing a
> fair and full record, a claimant is entitled to offer
> evidence to rebut this presumption.  In considering
> whether the presumption is rebutted, the factors to be
> considered include the responsibilities and skills
> required to perform the work, the amount of time the
> individual spends working, the quality of the
> individual's work, special working conditions, and for
> individuals who are self employed, the value of their
> work to the business.

<u>Mooney v. Shalala</u>, 889 F. Supp. 27, 33 (D.N.H. 1994) (citations
and internal punctuation omitted).

In this case, claimant (who recently turned 46) earned more
than the administrative minimum amount in three calendar years
since his twenty-second birthday, thereby giving rise to a
regulatory presumption that he engaged in substantial gainful
activity and, therefore, is not eligible for disabled adult child
benefits.  The question presented is whether he introduced

sufficient evidence to rebut that presumption and, if so, whether

the ALJ gave it due consideration.


II.   Background – The ALJ's Findings.

        In concluding that Mr. Maloney was not entitled to benefits,

the ALJ found that he had engaged in substantial gainful activity

after his twenty-second birthday.


        The claimant attained age 22 on March 8, 1982.  The
        available evidence indicates the claimant was working
        subsequent to having attained age 22 on March 8, 1982.
        In 1982, the claimant earned $4,734.70, the monthly
        average of which exceeds the amount established in the
        regulations as ordinarily showing that he had engaged
        in substantial gainful activity.  The same can be said
        for earnings posted to the claimant's earnings record
        for the years 1983, 1987, 1988 and 1989; These are all
        years subsequent to the claimant attaining age 22
        (Exhibit 10).  As these earnings represent having
        performed substantial gainful activity, a finding that
        the claimant was disabled on or before having attained
        age 22 on March 8, 1982 is precluded.


Administrative Record ("Admin. Rec.") at 11 (emphasis supplied).[2]

The highlighted language certainly suggests that the ALJ

_____

        [2]     The administrative record suggests that in 1982
(average monthly earnings of $394), 1987 ($339), and 1989 ($482),
claimant earned more than the $300 per month necessary to give
rise to the presumption that he engaged in substantial gainful
activity.  The court assumes that the ALJ's references to the
years 1983 (average monthly earnings of $279) and 1988 ($299)
represent typographical errors.

concluded that claimant's earnings beyond the $300 monthly
minimum during the years in question compelled the conclusion
that he was not disabled (or, as stated by the ALJ, "precluded" a
finding that he was disabled).  That is to say, it appears that
the ALJ improperly viewed claimant's earnings as conclusive on
the dispositive issue of disability, rather than merely
presumptive, subject to rebuttal.

    Next, the AlJ considered, but rejected, claimant's assertion
that applicable administrative regulations suggest that she
should consider "other information" in addition to claimant's
earnings, before concluding that he engaged in substantial
gainful activity.

> At the hearing, the claimant's representative invoked
> the provision of 20 C.F.R. § 404.1574(b)(6)(i) that
> when considering, in addition to earnings, other
> information of comparability and value of work, the
> claimant's work activity subsequent to attaining age 22
> on March 8, 1982 did not constitute substantial gainful
> activity that would operate as a preclusion to his
> entitlement to disabled adult child's benefits.  The
> undersigned considered the claimant's representative's
> argument and has determined that the circumstances that

      trigger consideration of other information of
      comparability and value of work, in addition to
      earnings, pursuant to regulation have not arisen.

Admin. Rec. at 12.


III.  <u>Claimant's Work History and "Substantial Gainful Activity"</u>

      On appeal, claimant argues that the ALJ erred by considering

only his average monthly income for a few, out of many, years in

determining that he had engaged in substantial gainful activity

and, therefore, was not entitled to benefits.  First, he points

out that if all of his earnings between 1979 and 1990 were

aggregated, the monthly average earnings would total

approximately $225.  Admin. Rec. at 18.  Because those earnings

are between $190 and $300, claimant says the pertinent Social

Security Regulations required the ALJ to consider "other

information in addition to [claimant's] earnings" to determine

whether he was disabled.  20 C.F.R. § 404.1574(b)(6)(i).


      While it is not entirely clear, the regulation seems to

contemplate that the ALJ should consider <u>each year's</u> earnings

individually (as she did), rather than aggregating several years'

earnings and then calculating a monthly average over that entire

period.  Nevertheless, claimant's point is well taken.  At a minimum, his long-term earning history suggests that, because of his extreme gout, diabetes, and repeated infections, he does not have the ability to engage in <u>sustained</u> substantial gainful activity.  Rather, as the record of his annual earnings establishes, he was able to maintain some level of extremely modest employment for relatively brief periods, but was unable to do so during others.  So, for example, when the ALJ asked his mother why claimant had not worked at all during 1999 and 2000, she said: "I'm trying to remember, but I, I think that he, those might have been some of the years that he was bedridden.  He was bedridden a great deal of the time and couldn't move or walk or get about."  Admin. Rec. at 25.

Next, claimant suggests that even if the ALJ was correct and he does not technically fall within the scope of 20 C.F.R. § 404.1574(b)(6)(i), he performed his work under "special conditions," as defined in 20 C.F.R. § 404.1573(c).  That, says claimant, means in considering whether he engaged in substantial gainful activity, the ALJ should have looked beyond simply his monthly earnings and considered the circumstances under which he

performed various work-related tasks, his need for substantial guidance and assistance, and his inability to transport himself (or take public transportation) to his various places of employment.  The court agrees.  There is sufficient evidence in the record to suggest that the ALJ should have looked beyond simply claimant's average monthly earnings in a few, isolated years in a long history in determining whether he had engaged in substantial gainful activity.

Among other things, claimant's mother testified that: (1) throughout his education, claimant was always placed in special education classes; (2) claimant's treating specialist reported that claimant's gout was the worst that he had ever seen and, according to claimant's mother, caused him to undergo "years of hospitalizations"; (3) when he was able to work, the jobs claimant held were menial and consisted mainly of washing dishes at a restaurant; (4) claimant did not secure those jobs on his own but, instead, was placed there by Easter Seals and/or Vocational Rehabilitation and Work Opportunities, Unlimited; (5) claimant was unable to drive, nor was he capable of using public transportation, so his mother drove him to and from any jobs that

he held; (6) claimant required the assistance of job coaches who would spend the evening standing next to claimant, helping him wash the dirty pans and dishes and/or pointing out those that needed additional cleaning; (7) claimant never worked without a job coach (though their work with him was more limited after he was well-established at a job); and (8) while some of claimant's job were temporary by nature, he was forced to leave others due to his medical conditions.  Admin. Rec. 22-25.

The administrative regulation on which claimant relies provides that, even if an individual is able to engage in some work activity, that work may be performed under circumstances that suggest the claimant is not engaged in "substantial gainful activity."

> The work you are doing may be done under special
> conditions that take into account your impairment, such
> as work done in a sheltered workshop or as a patient in
> a hospital.  If your work is done under special
> conditions, we may find that it does not show that you
> have the ability to do substantial gainful activity.
> Also, if you are forced to stop or reduce your work
> because of the removal of special conditions that were
> related to your impairment and essential to your work,
> we may find that your work does not show that you are
> able to do substantial gainful activity.

14

20 C.F.R. § 404.1573 (c).  Examples of "special conditions" include situations in which an individual requires special assistance from others in order to perform an assigned task, or was able to work only because other people helped him prepare for or get to and from work.  Id.

Here, the record certainly contains evidence that claimant might meet at least those two "special circumstances."  See e.g., Boyes v. Secretary of Health & Human Services, 46 F.3d 510, 512 (6th Cir. 1994) (concluding that claimant's past relevant work was performed under "special circumstances" – lower than typical productivity and special transportation needs – and did not constitute substantial gainful activity).  The ALJ should have considered, and discussed those special circumstances in determining whether claimant met the eligibility criteria for disabled adult child benefits under Title II of Act.  She did not.  Remand is, therefore, appropriate.

### Conclusion

Claimant recently turned 46 and, in the years since his twenty-second birthday, he has never earned more than $5,800 in a calendar year.  And, his average earnings for the 23 years set

forth in the record is less than $1,900 <u>per year</u> (i.e., $158 per month).  During four of those years, he had no income whatsoever. Plainly, viewed as a whole, those numbers tell the story of a person who, at a minimum, has difficulty maintaining any employment.  The record also reveals that during those periods when he was able to secure employment (through a job-placement service, like Easter Seals, that assists the disabled), he required the assistance of job counselors to perform his assigned work tasks, as well as the help of his mother to get to and from his place of employment.

To be sure, the record reveals that in three years since his twenty-second birthday (1982, 1987, and 1989) claimant did earn more than the minimum amount necessary to trigger a regulatory presumption that he had engaged in substantial gainful activity. <u>See</u> 20 C.F.R. § 404.1574(b).  Importantly, however, those earnings merely give rise to a <u>rebuttable</u> presumption; claimant was free to introduce other evidence to demonstrate that he was, despite those earnings, not properly viewed as having engaged in substantial gainful activity.  Claimant did just that.  While she

16

may have considered that additional evidence, the ALJ did not
address it in her written opinion. That constituted error.

    In light of the foregoing, the court concludes that the
ALJ's determination that claimant is not entitled to disabled
adult child benefits is not supported by substantial evidence in
the record.  Claimant's motion for an order reversing the
decision of the Commissioner (document no. 9) is, therefore,
granted to the extent claimant seeks remand.  The Commissioner's
motion for an order affirming her decision (document no. 12) is
denied.


    Pursuant to sentence four of 42 U.S.C. § 405(g), this matter
is hereby remanded to the ALJ for further proceedings consistent
with this order and, if the ALJ sees fit, the taking of
additional evidence and/or testimony.  The Clerk of Court shall
enter judgment in accordance with this order and close the case.

        **SO ORDERED.**

                                    _____
                                    Steven J. McAuliffe
                                    Chief Judge

April 28, 2006

17

cc:  Vicki S. Roundy, Esq.
     David L. Broderick, Esq.